# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3832 (94 CR 333-18) | **DATE** | AUG. 30, 2001 |
| **CASE TITLE** | UNITED STATES OF AMERICA v. HERMAN MATTHEWS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to vacate sentence is denied. The Clerk of the Court is directed to enter judgment in favor of the United States and against defendant denying defendant's 28 U.S.C. § 2255 motion to vacate sentence. If defendant wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within sixty (60) days of the entry of the judgment in this case. Any notice of appeal should be accompanied by a request for a certificate of appealability, including a statement as to why a certificate should issue. See 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 04 2001 date docketed | 4 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | AUG. 30, 2001 date mailed notice | |
| CW courtroom deputy's initials | | ED-7 FILED FOR DOCKETING 01 AUG 31 PM 4:42 Date/time received in central Clerk's Office | mqm mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 0 4 2001

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 01 C 3832 |
| HERMAN MATTHEWS, | ) | (94 CR 333-18) |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Following a jury trial, defendant Herman Matthews was found guilty on seven counts of drug violations. Count One charged a conspiracy to possess with intent to distribute cocaine or marijuana in violation of 21 U.S.C. § 846.[1] Counts Seven, Thirteen, Sixteen, and Forty-four charged possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Counts Fourteen and Forty-five charged using a telephone to facilitate a narcotics violation in violation of 21 U.S.C. § 843(b). Defendant moved for judgment of acquittal or a new trial and that motion was denied. See United States v. Toma, 1997 WL 665867 (N.D. Ill. Oct. 21, 1997). Defendant was

---

[1] Twenty defendants were named in the indictment. Most pleaded guilty and eight went to trial. See United States v. Magana, 118 F.3d 1173 (7th Cir. 1997), cert. denied, 522 U.S. 1139 (1998). Matthews was tried separately because he was not arrested until after the other trial had been completed.

sentenced to 188 months' incarceration to be followed by five years' supervised release. He was also ordered to pay a $350 assessment and to forfeit $28,000. On direct appeal, the only issues raised concerned the denial of a motion to suppress wiretap evidence. The Seventh Circuit affirmed. See United States v. Matthews, 213 F.3d 966 (7th Cir. 2000). No petition for certiorari was filed.

Pursuant to 28 U.S.C. § 2255, defendant timely moved to vacate his conviction. Defendant raises four grounds for relief. Ground One is that the jury was not properly instructed that a buyer-seller relationship is not itself sufficient to constitute a conspiracy. Ground Two is that, at sentencing, the government did not adequately prove that defendant's guideline offense level should be enhanced two levels based on reckless endangerment. See U.S.S.G. § 3C1.2. Ground Three is that the "safety valve" provision should have been applied at sentencing. See 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. Ground Four is that, at sentencing, defendant's guideline offense level should have been reduced for acceptance of responsibility. Defendant generally alleges that trial and/or appellate counsel was ineffective for failing to raise these issues at trial and/or on appeal.[2]

---

[2]The government's answer to defendant's motion does not meet the standards expected of the United States Attorney's office. The answer includes this statement: "It should be noted that the government attorney authoring this answer is not familiar with the facts of this case. This case was prosecuted by a former Assistant United States Attorney." Even if this statement were fully accurate (attorneys involved in the prosecution of the codefendants, if not Matthews as well, are still employed in the office), it would not excuse the

Defendant's first contention is that the court erred by failing to give the buyer-seller conspiracy instruction that he requested.[3] His requested instruction was:

> In order to establish the conspiracy charged in Count One of the Indictment, the government must prove more than mere knowledge or approval. Rather, the government must prove beyond a Reasonable doubt that defendant knew of the alleged conspiracy and intended to associate himself with that criminal scheme. The existence of a buyer-seller relationship between two defendants, even one involving large scale purchase intended for resale, does not alone establish defendant's membership in a conspiracy.

Def. rejected jury instruction No. 2 (Docket Entry 1106).

Although the court rejected this precise instruction, the court did grant defendant's request to give an instruction on this issue. See June 6, 1997 Tr. at 459-60. As part of the instruction on conspiracy, the jury was instructed: "Proof of the existence of a buyer-seller relationship, without more, is insufficient to prove that person is a member of a drug conspiracy." Jury Instructions at 23 (Docket Entry 1107). That

---

government's failure to become familiar with and consider the record in preparing its response. The trial and sentencing transcripts, jury instructions, the parties' pleadings, and other court documents were available for use in connection with the preparation of the government's answer.

[3]To the extent defendant is also contending that the evidence was insufficient to support that a conspiracy existed, this court rejected that argument in ruling on defendant's motions for judgment of acquittal or a new trial. See Def. Memo. in Support of Motions for New Trial & Judgment of Acquittal at 16-17 (Docket Entry 1117); Toma, 1997 WL 665867 at *2. Although the issue was not raised on appeal, that does not constitute ineffective assistance of appellate counsel since the argument would also have failed on appeal.

instruction was sufficient. See United States v. Brack, 188 F.3d 748, 760-61 (7th Cir. 1999). Therefore, defendant has no basis for claiming error or ineffective assistance of counsel.

Defendant's next contention is that there was insufficient proof to support a two-level enhancement for reckless endangerment. See U.S.S.G. § 3C1.2 ("If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels."). Evidence was presented at trial regarding two automobile chases with law enforcement officials. Defendant does not dispute that the chases involved law enforcement officers and a substantial risk of injury. However, he contends that he was a passenger during both chases and that he did not aid or abet or otherwise engage in conduct making him accountable for the flight. See U.S.S.G. § 3C1.2, comment. (n.5) ("Under this section, the defendant is accountable for his own conduct and for conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused."). Since none of the other people in the automobiles testified, defendant contends there was insufficient evidence of whether he was responsible for the decision to flee.

This objection was raised during the sentencing proceedings. There was extensive discussion of the evidence. See Nov. 6, 1997 Tr. at 23-32. See also Jan. 8, 1998 Tr. at 2, 11-12. There was sufficient evidence to infer that defendant knew he was wanted by law enforcement officials and therefore was

motivated to flee. Also, in one of the incidents, defendant fled on foot after the automobile was in an accident. Additionally, defendant was involved in two different flights. As was found by the court, there was sufficient evidence to infer that defendant was responsible for both chases, that he was not just an innocent passenger during both chases.[4] Ground Two states no sufficient basis for overturning defendant's sentence. Therefore, it also cannot support an ineffective assistance of counsel claim.

Defendant's next contention is that he was not accorded the benefit of the "safety valve" provision of 18 U.S.C. § 3553(f) that is incorporated in U.S.S.G. § 5C1.2. Defendant, however, did not qualify for the safety valve because he did not satisfy the requirement of having "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). But even if he had satisfied all the safety valve criteria, it would not matter. The safety valve makes statutory minimums inapplicable, but leaves the guideline range in place. Defendant's guideline range was above any applicable statutory

---

[4]Defendant contends that the court did not adequately state its finding. However, the finding contained in the written transcript is sufficient. See United States v. Cureton, 89 F.3d 469, 473-74 (7th Cir. 1996). In any event, failure to adequately state a guideline finding is not cognizable in a § 2255 proceeding. See Soto v. United States, 37 F.3d 252 (7th Cir. 1994); Kelly v. United States, 29 F.3d 1107, 1114 (7th Cir. 1994); Basile v. United States, 999 F.2d 274, 276-77 (7th Cir. 1993).

minimum. Therefore, defendant was not prejudiced in any way by a failure to invoke the safety valve provision. Therefore, defendant cannot succeed on an ineffective assistance of counsel claim based on the failure of counsel to argue for application of the safety valve provision.

Defendant's last contention is that he was entitled to a two-level reduction to his offense level based on acceptance of responsibility. See U.S.S.G. § 3E1.1. Defendant contends his conduct was consistent with acceptance of responsibility because, although he went to trial, he did not contest his involvement in drug distribution, only whether he went beyond a buyer-seller relationship to be involved in the charged conspiracy. Even assuming denying participation in a charged conspiracy can be consistent with acceptance of responsibility, defendant's factual statement is inconsistent with the record. As incorporated in the jury instructions, defendant's theory of defense was "that he is not the person identified by the government as Yum on the tape recorded calls admitted into evidence in this case. Defendant further contends that he did not engage in the alleged narcotics transactions involving Mukglis Toma as charged in the indictment." Jury Instructions at 16 (Docket Entry 1107). Defendant's position at trial was inconsistent with acceptance of responsibility. Moreover, when interviewed by the probation officer, defendant continued to deny that he was Yum. See Presentence Investigation Report at 14. Defendant was not entitled to a reduction for acceptance of responsibility.

Counsel's failure to contend otherwise could not have constituted ineffective assistance of counsel.

IT IS THEREFORE ORDERED that defendant's motion to vacate sentence is denied. The Clerk of the Court is directed to enter judgment in favor of the United States and against defendant denying defendant's 28 U.S.C. § 2255 motion to vacate sentence. If defendant wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within sixty (60) days of the entry of the judgment in this case. Any notice of appeal should be accompanied by a request for a certificate of appealability, including a statement as to why a certificate should issue. See 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

ENTER:

*[signature: William T. Hart]*

UNITED STATES DISTRICT JUDGE

DATED: AUGUST 30, 2001